## Case No. 1,883.

### In re BRINKMAN.

[6 N. B. R. 541.][1]

District Court, S. D. New York. Feb. 22, 1872.

BANKRUPTCY—ASSIGNEE—ENJOINING SALE OF ESTATE—LIABILITY FOR COSTS ON DISSOLUTION.

An assignee in bankruptcy applied to the United States district court, and obtained an injunction to restrain the sale of property under the decree of foreclosure in a mortgage, after the proceedings had reached a stage where, substantially, all the expenses, except those which would attend the sale of the property, had been incurred. Sometime thereafter he applied for leave to dissolve the injunction and sell the property. Held, that the petition must be dismissed, with costs against the assignee, for the reason that he had not applied at the commencement of the foreclosure suit for a stay of proceedings. Injunction dissolved.

[Cited in Re Cooper, Case No. 3,190.]

[In bankruptcy. In the matter of Henry Brinkman. Petition by William R. Dills, assignee, for leave to sell real estate, and to dissolve an injunction to restrain foreclosure proceedings in the state court, heretofore granted on his petition. Petition dismissed, and injunction dissolved.

[For register's opinion and report upon which this decision is founded, see Case No. 1,884.]

BLATCHFORD, District Judge. I think the most advisable course, in this matter, is to deny the prayer of the assignee's petition for leave to sell the real estate and to dissolve the injunction granted by the order of July thirty-first, eighteen hundred and seventy-one, and vacate that order, and allow the property to be sold under the decree of foreclosure in the state court. The assignee in bankruptcy, having been a party to that

---

[1] [Reprinted by permission.]

suit, was instrumental in placing that suit in the position in which it was on the thirty-first of July, eighteen hundred and seventy-one, when he, for the first time, applied to this court to stay the sale under the decree in that suit, which was to take place three days afterwards. It is quite apparent from the testimony on the reference, under the assignee's petition, that there was no good reason for applying to this court to stay the foreclosure proceedings. They had reached a stage where, substantially, all the expenses, except those which would attend any sale of the property, even by this court, had been incurred in reaching a decree in the foreclosure suit and incurred by the action of the assignee, while a party to such suit, in suffering proceedings to go on without applying to this court to restrain them. It will become a question for consideration hereafter, whether the assignee ought not to be charged personally with liability for the amount of those expenses, and be compelled to refund them to the estate after they shall have been paid out of the proceeds of the land to the plaintiff in the suit, as being a waste, committed by him, of the estate. At present the petition must be dismissed, with costs to be paid by the assignee personally, and not out of the estate, and the injunction must be dissolved.